**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**DALE LEO BISHOP**                                                                            **PETITIONER**

**v.**                                                                                                         **NO. 1:04CV319-D-D**

**CHRISTOPHER EPPS, ET AL.**                                                  **RESPONDENTS**

**ORDER DENYING PETITIONER'S CONSOLIDATED MOTION FOR DISCOVERY,
EVIDENTIARY HEARING, AND MOTION TO APPOINT EXPERTS**

Presently before the court is the petitioner's consolidated motion for discovery, an evidentiary hearing, and the appointment of experts in this cause [1], to which the State has filed a response in opposition.[2] Upon due consideration, the court finds that the petitioner's motion is not well-taken, and for reasons set forth below, the motion is **DENIED**.

Petitioner's motion fails to allege any facts that would support the granting of his requests. Rather, petitioner requests the court consider the claims alleged in his 133-page amended petition for writ of *habeas corpus* to grant his requests for discovery, an evidentiary hearing, and the appointment of experts. While petitioner's motion contains a recitation of law applicable to these issues, petitioner fails to provide the court with facts that would support his claims, leaving the court to speculate as to both petitioner's factual grounds and specific requests.

Rule 6(a) of the Rules Governing Section 2254 Cases allows this court to authorize discovery upon a showing of "good cause" for the request, and Rule 6(b) requires the moving party to set forth specific requests for the discovery sought and provide reasons for making those requests. Petitioner's request for leave to conduct discovery fails to provide any facts or concrete

---

[1] Docket entry no. 17.

[2] Docket entry no. 22.

reasons discovery is needed for the court's consideration of whether good cause exists, and petitioner further fails to identify any specific requests for discovery. The court will not grant a blanket discovery request based upon a generic reference to the amended petition filed in this cause; therefore, the petitioner's request for discovery is denied.

Although petitioner fails to identify any disputed facts in his motion that would entitle him to an evidentiary hearing in this matter, the court nevertheless finds an evidentiary hearing unnecessary at this time. Should the court, after a comprehensive review of the materials submitted in this cause, find that a hearing is necessary, such will be ordered *sua sponte*. The petitioner's request for an evidentiary hearing is denied.

Petitioner requests the *ex parte* appointment of 1) a psychiatric/mental health expert; 2) an investigator, and 3) a mitigation specialist in this cause. However, petitioner fails to allege any facts that would show such an appointment is "reasonably necessary" or provide a showing of the need for confidentiality that would allow the court to consider *ex parte* appointments. The petitioner's motion fails to conform with the requirements of Title 21 U.S.C. 848(q)(9), and petitioner's request for the appointment of experts is denied.

Accordingly, it is hereby **ORDERED**:

Petitioner's consolidated motion for discovery, evidentiary hearing, and motion to appoint experts is **DENIED** without prejudice, and with leave to re-file the motion upon well-specified requests and sufficient application of the particular facts at issue to the applicable law in this cause.

**THIS** the 8th day of May, 2006.

                                                 /s/ Michael P. Mills
                                                **UNITED STATES DISTRICT JUDGE**