IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


DALE LEO BISHOP                                                                          PETITIONER

V.                                                            CIVIL ACTION NO.: 1:04CV319-MPM

CHRISTOPHER EPPS, ET AL.                                                           RESPONDENTS

## MEMORANDUM OPINION

Petitioner was convicted of capital murder and sentenced to death for the December 10, 1998, murder of Marcus James Gentry. After his direct appeal and state post-conviction remedies failed to provide Petitioner with relief, he sought a writ of habeas corpus, which was denied by this Court. *Bishop v. Epps*, 2007 WL 2363465 (No.: 1:04CV319-MPM) (N.D. Miss August 16, 2007). Petitioner now seeks a Certificate of Appealability ("COA") pursuant to 28 U.S.C. § 2253(c) from the denial of several claims raised in his amended petition. Petitioner seeks a COA regarding his claims of: (1) ineffective assistance of counsel; (2) erroneous jury instructions; (3) and the waiver of sentencing jury. Petitioner also asserts that this Court should have considered his procedurally defaulted arguments, as the Court did not address his claim that the attorneys appointed on his behalf were not qualified to represent Petitioner in his State post-conviction proceedings. (COA Mot. 4).

In order for Petitioner to take an appeal from his federal habeas proceeding, a COA must issue. *See* Title 28 U.S.C. § 2253(c)(1)(A). Petitioner is entitled to a COA upon "a substantial showing of the denial of a constitutional right," which may be made by demonstrating the application involves claims that are debatable among jurists of reason, or that the claims are valid to deserve encouragement in further proceedings. *See Miller-El v. Cockrell*, 537 U.S. 322, 336,

123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003). Claims that were rejected on the merits require Petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). If the claim has been rejected on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. The inquiry made by this Court is limited to the underlying merits of Petitioner's claims after generally assessing the merits. *See Miller-El*, 537 U.S. at 336, 123 S.Ct. at 1039. "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 342, 120 S.Ct. at 1042.

Doubts regarding whether a COA should be granted are resolved in favor of Petitioner, with the Court taking into consideration that Petitioner has been sentenced to death. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000), *cert denied*, 531 U.S. 849, 121 S.Ct. 122, 148 L.Ed.2d 77 (2000); *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (court resolves doubts in favor of petitioner in death penalty cases). However, "the severity of the penalty" itself is not sufficient to automatically issue the certificate. *Washington v. Johnson*, 90 F.3d 945, 949 (5th Cir. 1996), *cert. denied*, 520 U.S. 1122 (1997).

This Court did not choose to address, *sua sponte*, the matter of a COA in determining the merits of Petitioner's federal habeas petition, though the Court's decision regarding the instant motion is based upon the reasons set forth in that opinion. The Court will not here recite its opinion denying Petitioner federal habeas relief but will instead address each of Petitioner's

claims in his COA application to the extent necessary to clarify the decision reached today. The Court now turns to Petitioner's claims in support of his application.

## I. Ineffective State Post-Conviction Counsel

Habeas relief lies only on the basis that a petitioner's conviction and/or sentence is in violation of the United States Constitution, laws, or treaties of the United States. *See* 28 U.S. C. § 2254. In his amended petition and in the instant motion, Petitioner argues that the ineffective assistance of State post-conviction counsel should serve as "cause" to excuse procedural defaults imposed against him, as well as a substantive claim warranting relief. (COA Mot. 4, 10-11). There is no constitutional right to counsel on post-conviction review. *See*, *e.g.*, *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). Where there is no right to counsel, there is no unconstitutional denial of the effective assistance of counsel. *See Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982); *see also* 28 U.S.C. § 2254 (i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a group for relief in a proceeding arising under section 2254.").

This Court is persuaded that reasonable jurists would not debate this conclusion nor the determination that this issue is not deserving of further encouragement.

## II. Ineffective Assistance of Counsel

### A. Requests for Psychiatric Experts

The Court found this claim procedurally defaulted and discussed the merits alternatively. *Bishop*, 2007 WL 2363465 at *13. Petitioner asserts that counsel's delay in having his motion

3

for the appointment of a psychological expert heard led to a failure to develop any mitigation in the case. (COA Mot. 5-6). The trial court found the motions untimely when they were finally heard and no assistance was granted, which he argues led to there being no evidence offered in mitigation. (COA Mot. 6).

The Court notes that as this claim was denied on procedural grounds, a COA issues only if it is demonstrated that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of a constitutional right **and** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604 (emphasis added). Petitioner notes but does not address the Court's procedural ruling, and the Court determines that it is not debatable that this claim, having never been presented to a State court for review, is barred. *See Sones v. Hargett*, 61 F.3d 410, 418 (5th Cir. 1995). Moreover, as the Court noted, "[t]o conclude that the denial of a psychiatric expert precluded Petitioner's opportunity or ability to present mitigating evidence would be a distortion of the facts of this case. Petitioner affirmatively decided not to present a defense case-in-chief, and he prevented his attorneys from presenting evidence in mitigation." *Bishop*, 2007 WL 2363465 at *13. This Court is persuaded reasonable jurists would not debate this conclusion nor the determination that this issue is not deserving of further encouragement.

### B. Counsel's Duty to Investigate and Present Mitigating Evidence

Petitioner asserts that he gave counsel no instructions not to present mitigating evidence until after there was a verdict of guilt, and by that time, nothing had been prepared. (COA Mot. 6). Petitioner's argument that counsel wholly failed to investigate is not supported by the record. Moreover, as noted in the Court's opinion, the issue is not whether there was mitigating evidence

4

to be presented. *Bishop*, 2007 WL 2363465 at *16. Petitioner specifically instructed his attorneys not to offer any evidence in mitigation. *See Schriro v. Landigran*, ___ U.S. ___, 127 S.Ct. 1933, 1941-42, 167 L.Ed.2d 836 (2007) (Petitioner instructing attorney not to present mitigating evidence cannot demonstrate prejudice under *Strickland*). This Court is persuaded reasonable jurists would not debate this conclusion nor the determination that this issue is not deserving of further encouragement.

### C. Failure to Present a Defense in the Guilt-Innocence Phase of the Trial

Petitioner here asserts that "[t]rial counsel failed to present an adequate and sufficient defense at trial." (COA Mot. 8). Specifically, Petitioner asserts that trial counsel's failure to challenge the testimony of Ricky Myhand or to discover that Myhand's clothes had been bloody was ineffective assistance. (COA Memo 8). In its Opinion in this cause, the Court noted the adequate efforts made by defense counsel to test the State's case. *Bishop*, 2007 WL 2363465 at *17. The Court specifically noted counsel's repeated arguments that Myhand's involvement was approximately the same as Petitioner's involvement. *Id*. Petitioner's counsel subjected the case to adversarial testing within the confines placed upon them by Petitioner, and this Court is persuaded reasonable jurists would not debate this conclusion nor the determination that this issue is not deserving of further encouragement.

### D. Defense Counsel Failed to Adequately Prepare for Trial

Petitioner essentially argues that this Court excused defense counsel's ineffective assistance due to Petitioner's insistence that mitigating evidence not be presented. (COA Mot. 9). This Court determined that Petitioner did not demonstrate counsel's failure to prepare by pointing to the absence of mitigating evidence. *Bishop*, 2007 WL 2363465 at *19. Petitioner

asserts that "no investigation was done," which the Court has determined is not supported by the record. *Bishop*, 2007 WL 2363465 at *13, *19, *28. This Court is persuaded reasonable jurists would not debate the Court's conclusion nor the determination that this issue is not deserving of further encouragement.

### E. Counsel Was Ineffective on Appeal

This Court found Petitioner's substantive *Tison* claim procedurally defaulted, which Petitioner argues is "exactly the type of claim that could have been raised on post-conviction review had Petitioner been provided with counsel as mandated by the Mississippi Supreme Court." (COA Mot. 9).

First, the Court determines it is not debatable whether this claim is barred; it has never been presented to the State courts. Second, as noted in the Court's opinion, a defendant may be found requisitely culpable upon a finding of "major participation in the felony committed, combined with reckless indifference to human life," which was exactly what was found in this case. *See Tison v. Arizona*, 481 U.S. 137, 158, 107 S.Ct. 1676, 1688, 95 L.Ed.2d 127 (1987). This Court is persuaded reasonable jurists would not debate this conclusion nor the determination that this issue is not deserving of further encouragement.

### III. Jury Instructions

Petitioner argues that this Court acknowledged that the aiding and abetting instruction "lacked specificity" and allowed the jury to find him guilty of capital murder merely be finding he aided in kidnapping the victim. (COA Mot. 12). Petitioner asserts that "[w]hen considering the relevant Instruction in conjunction with all of the other instructions charged, the requirement that the State prove beyond a reasonable doubt each and every element of the offense charged

6

had not been satisfied." (COA Mot. 13).

This Court first determined that Petitioner's claim was barred. *Bishop*, 2007 WL 2363465 at *22. Notwithstanding the bar, the Court determined that Petitioner failed to demonstrate an entitlement to relief on the basis of the challenged instruction as the totality of the instructions properly instructed the jury on all of the elements of capital murder and the burden of proof. *Bishop*, 2007 WL 2363465 at *22. Petitioner does not note or address the Court's procedural ruling, and the Court determines that it is not debatable among jurists of reason that this claim is barred. Moreover, the Court does not find the issue deserving of further encouragement. *See Henderson v. Kibbe*, 431 U.S. at 154-55, 97 S.Ct. 1730, 1736-37, 52 L.Ed.2d 203 (1977) (erroneous instruction supports collateral attack on judgment only where grant of instruction by itself infects entire trial). This Court is persuaded reasonable jurists would not debate this conclusion nor the determination that this issue is not deserving of further encouragement.

### IV. Waiver of Sentencing Jury

Petitioner asserts that he was improperly allowed to waive jury sentencing. (COA Mot. 14). Petitioner contends that he did not have the right to waive jury sentencing, as the Mississippi Legislature has not provided defendants with the statutory authority to do so. (COA Mot. 14). This Court, in finding Petitioner's argument without merit, noted "that Petitioner was fully informed of the consequences of waiving a jury sentencing, and it is equally clear that he was not deprived of any right to have the jury decide the sentencing issue. He affirmatively chose not to have a jury sentence him and may not now sustain his burden of proof on federal habeas review by suggesting he never had the right to waive such sentencing." *Bishop*, 2007 WL

2363465 at * 26. The Court finds it is not debatable among jurists of reason whether Petitioner had the right to waive sentencing by a jury. *See, e.g., Blakely v. Washington*, 542 U.S. 296, 310, 124 S.Ct. 2531, 2541, 159 L.Ed.2d 403 (2004). This Court is persuaded reasonable jurists would not debate this conclusion nor the determination that this issue is not deserving of further encouragement.

In the instant case, Petitioner has not made the showing necessary for issuance of a Certificate of Appealability, as he has failed to make a substantial showing of the denial of any constitutional right. Therefore, Petitioner's Motion is not well-taken and the same is denied. A separate order in accordance with this opinion shall issue today.

**THIS** the 17th day of September, 2007.

                                               **/s/ Michael P. Mills**
                                               **CHIEF JUDGE**
                                               **UNITED STATES DISTRICT COURT**
                                               **NORTHERN DISTRICT OF MISSISSIPPI**